**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENEE F. AMOCHAEV,

    Plaintiffs,

    v.

CITIGROUP GLOBAL MARKETS INC.,

    Defendant.
_____/

No. C 05-1298 PJH

**ORDER DENYING MOTION TO TRANSFER VENUE**

    Defendant Citigroup Global Markets Inc. d/b/a Smith Barney's ("Smith Barney") motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) came on for hearing on September 14, 2005 before this court. Plaintiffs appeared through their counsel, Kelly Dermody, and defendant appeared through its counsel, Jay Cohen. Having read the parties' papers and considered carefully their arguments and the relevant legal authority, the court hereby DENIES defendant's motion to transfer venue for the reasons stated at the hearing and summarized as follows.

    Defendant seeks to transfer this case to the Southern District of New York under 28 U.S.C. § 1404(a) on the grounds that plaintiffs' claims here are "related to" an earlier class action in Martens v. Smith Barney, Inc. and that the Southern District of New York retains exclusive jurisdiction over the enforcement of that settlement stipulation.

    Defendant's argument that the interests of justice weigh clearly in favor of transfer is not persuasive. The Martens case ended seven years ago and all obligations under its settlement agreement expired over two years prior to the filing of this lawsuit. Furthermore, half of the named plaintiffs and approximately one-half of the class plaintiffs in this action were not employed by Smith Barney during the Martens class period. Thus, the Southern District of New York has not retained jurisdiction over at least half of this case which involves different

plaintiffs bringing different claims for a different class period and which does not "arise out of" the previous action. To the extent that jurisdiction has been retained over claims in this case determined to relate to the closed Martens case, that court may act on the motions pending before it to reopen the Martens case and to enjoin the plaintiffs from participating in this suit. In that event, this court will entertain a request to revisit the transfer issue.

In addition, the defendant's motion to transfer meets few, if any, of the traditional criteria for transfer under § 1404(a), including the special venue provisions of Title VII. All named plaintiffs and members of the subclass were employed in Northern California, employment records are maintained in Northern California, the majority of parties and witnesses to the alleged discrimination are located here, at least some claims are brought under California law, and the defendant is subject to personal jurisdiction in the Northern District. Not only do the plaintiffs have significant contacts with the forum, but the forum has an interest in both the parties and the subject matter.

Finally, while a plaintiff's choice of forum is less significant in a nationwide class action, a Title VII "plaintiff's choice is entitled to greater deference as a matter of law, even where the case is brought as a class action." Ellis v. Costco Wholesale Corp., 372 F. Supp. 2d 530, 537 (N.D.Cal. 2005). Coupled with the overwhelming number of § 1404(a) factors weighing against transfer, the deference due a Title VII plaintiff's forum choice provides a significant reason to keep this case in the Northern District of California. This court finds that Smith Barney has not met its burden of demonstrating that the case requires transfer for the convenience of parties and in the interest of justice.

For the foregoing reasons, the court hereby DENIES Smith Barney's motion to transfer venue. This order fully adjudicates the motion found at number 34 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: September 16, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

2