United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE FASSBENDER AMOCHAEV, ET AL., <br><br> Plaintiff(s), <br><br> v. <br><br> CITIGROUP GLOBAL MARKETS, INC., d/b/a SMITH BARNEY, <br><br> Defendant(s).<br>_____/ | No. C-05-01298 PJH (JCS) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF RELEVANT *MARTENS* DOCUMENTS AND DEFENDANT'S CROSS-MOTION FOR A PROTECTIVE ORDER [Docket Nos. 73 and 81]** |

Plaintiffs in this matter filed a Motion to Compel Production of Relevant *Martens* Documents [Docket No. 73] and Defendant filed a Cross-Motion for a Protective Order [Docket No. 81] (the "Motions"). The Motions came on after notice for hearing on October 20, 2006. Justin M. Swartz, Lisa M. Bornstein, Kelly M. Dermody, and Heather H. Wong appeared on behalf of Plaintiffs; Liza M. Velazquez appeared on behalf of Defendant.

Good cause appearing, and for the reasons stated on the record at the hearing, both Motions are GRANTED IN PART and DENIED IN PART. Defendant shall produce the documents and other materials specified in the paragraphs that follow. Defendant may, at its option, designate these materials as "Restricted" under the Protective Order in this case. If these materials are also subject to a more stringent confidentiality order than those that apply under the Protective Order, then those more restrictive confidentiality provisions shall govern, unless otherwise agreed to by the parties or ordered by the Court. Defendant shall produce the following materials:

1. The four class-wide fact witness deposition transcripts and exhibits from the *Martens* action.

    2.     The third-stage hearing complaints in the *Martens* action for all FA's in the Retail Division of Smith Barney who were employed by Smith Barney on or after January 1, 2001, or who complained about branch managers who worked at Smith Barney (in any capacity) during the *Amochaev* class period.

    3.     All class-wide expert deposition transcripts, exhibits, and reports prepared in *Martens*.

    4.     All third-stage hearing expert depositions, exhibits, and reports prepared on behalf of Smith Barney in the *Martens* action.

    5.     The transcripts of and exhibits to depositions of branch managers, who were deposed in *Martens*, who worked at Smith Barney during the *Amochaev* period.

    6.     All arbitral opinions and awards for all third-stage hearing of FA's in the Retail Division of Smith Barney from the *Martens* action.

    7.     All interim claims from the *Martens* action with respect to the FA's only.

The parties are directed to meet and confer to establish a convenient date for the production of these materials.

In addition, the Court declines to order the production of any initial submissions or any testimony retaliation submissions.

With respect to the following documents, Plaintiffs have agreed to withdraw their request for production during the class certification discovery, without prejudice to renewal of the request during merits discovery:

    1.     Annual reports provided to the district court in connection with the *Martens* action.

    2.     Third-stage hearing transcripts and exhibits.

IT IS SO ORDERED.

Dated: October 24, 2006

JOSEPH C. SPERO  
United States Magistrate Judge