UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RENE AMOCHAEV, et al.,

    Plaintiff,

    v.

CITIGROUP GLOBAL MARKETS INC.,

    Defendant.

_____/

No. C-05-1298 PJH

**ORDER GRANTING DISMISSAL OF LISA STRANGE WEATHERBY AS A NAMED PLAINTIFF**

Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative to transfer venue pursuant to 28 U.S.C. § 1406 or dismiss Lisa Strange Weatherby as a named plaintiff pursuant to Federal Rule of Civil Procedure 21 came on hearing before this court on February 7, 2007. Plaintiffs were represented by their counsel, Piper Hoffman and defendant was represented by its counsel, Jay Cohen. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS plaintiff's motion to dismiss Lisa Weatherby as a named plaintiff for the reasons summarized as follows:

Title VII contains a specific venue provision that exclusively governs venue in an action alleging violations of Title VII. See Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586 (9th Cir. 1991) (noting Title VII's venue provision exclusively governs venue in a Title VII action and cannot be supplemented by the general venue provisions found in 28 U.S.C. § 1391). This provision provides that venue is proper in: (1) any judicial district in the state in which the unlawful employment practice is alleged to have been committed, (2) the judicial district in which the employment records relevant to such practice are maintained and administered, (3) the judicial district in which the aggravated person would have worked but for the unlawful employment practice, or (4) the judicial district in which

the respondent has its principal office. See 42 U.S.C. § 2000-e(f)(3). While Congress expanded a plaintiff's venue choices by enacting specific venue provisions for Title VII actions, there is no evidence in the language of the statute or the statute's legislative history that Congress intended to abrogate the requirement that each named plaintiff satisfy the venue requirements. Accordingly, each named plaintiff must demonstrate that he or she satisfies Title VII's venue provision. Although, the court is unaware of any Ninth Circuit authority, this conclusion is consistent with the conclusions of other trial courts that have addressed this issue and with prior decisions of this court on this issue. See, e.g., Dukes v. Wal-Mart Stores, Inc., No. C-01-2252 MJJ, 2001 WL 1902806, *2 (N.D. Cal. Dec. 3, 2001)(collecting cases); Crawford v. U.S. Bancorp Piper Jaffray, Inc., No. C-00-1611-PJH, *4-5 (N.D. Cal. Jul. 23, 2001); Quarles v. Gen. Inv. & Dev., 260 F. Supp. 2d 1, 10 (D.D.C. 2003). Because it is undisputed in this case that venue in the Northern District of California is improper for Weatherby, a named plaintiff who alleges unlawful employment practices that occurred in Jacksonville, Florida, the court must determine the proper remedy.

Where venue is improper as to a named plaintiff the court has three remedial options: (1) the court may dismiss the action in its entirety, (2) the court may transfer the action to a district where venue is proper as to all named plaintiffs or (3) the court may dismiss the improperly venued plaintiff and sever his or her claims. While the Ninth Circuit has cautioned that dismissal or transfer is a harsh penalty, it has indicated that such a remedy may be appropriate in cases where filing in an improper forum evidences bad faith. See In re Hall, Bayoutree Assoc., Ltd., 939 F.2d 802, 806 (9th Cir. 1991). In this case, the court would be well within its discretion to dismiss the action or transfer it to the Southern District of New York because there is evidence that suggests plaintiffs' counsel acted in bad faith in purporting to bring the action pursuant to the general venue statute which is cited in the first amended complaint. Plaintiffs' counsels' characterization at the hearing of the failure to cite the proper venue statute as an accidental oversight is not credible. Plaintiffs' counsel are a group of experienced litigators, several of whom specialize in

employment discrimination matters.  This fact combined with their argument that the omission is immaterial because Weatherby can simply file an individual complaint in the proper jurisdiction and request the Judicial Panel on Multidistrict Litigation to transfer the action back to this court as a tag-along, suggests to the court that the omission was strategic and not accidental.  Nonetheless, the court recognizes that it would be unfair for the properly venued plaintiffs to be forced to litigate their actions in the Southern District of New York because of their counsels' action.  Furthermore, transfer would be burdensome and expensive because the witnesses in this matter are likely located in this District.

Accordingly, Weatherby' claims are severed and she is dismissed from this action without prejudice.

**IT IS SO ORDERED**

Dated: February 12, 2007

_____
Phyllis J. Hamilton
United States District Judge