Kelly M. Dermody (State Bar No. 171716)
Heather H. Wong (State Bar No. 238546)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email: kdermody@lchb.com
Email: hwong@lchb.com

Elizabeth A. Alexander (*pro hac vice*)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
150 4th Avenue, N., Suite 1650
Nashville, TN  37219-2423
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

Cyrus Mehri (*pro hac vice*)
Lisa M. Bornstein (*pro hac vice*)
Anna M. Pohl  (*pro hac vice*)
MEHRI & SKALET, PLLC
1250 Connecticut Ave, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

Adam T. Klein (*pro hac vice*)
Justin M. Swartz (*pro hac vice*)
Piper Hoffman (*pro hac vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York  10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005

James M. Finberg (State Bar No. 114850)
ALTSHULER BERZON
177 Post Street, Ste. 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE FASSBENDER AMOCHAEV, DEBORAH ORLANDO, KATHRYN N. VARNER and IVY SO, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP GLOBAL MARKETS, INC., d/b/a SMITH BARNEY,<br><br>Defendant. | Case No.  C-05-1298 PJH<br><br>**[PROPOSED] ADMINISTRATIVE ORDER NO. 1** |

This Court has preliminarily approved a Settlement Agreement resolving the gender-based discrimination claims in the above-captioned case.  Under the terms of the Settlement Agreement, defendant Citigroup Global Markets, Inc., d/b/a Smith Barney ("Smith Barney") is required to pay the sum of Thirty-Three Million Dollars ($33,000,000.00) plus an amount equal to the daily LIBOR rate on that $33,000,000 calculated from December 14, 2007 to the date of deposit ("Settlement Sum") into a Settlement Fund within 10 days after Preliminary Approval.  Accordingly, this Administrative Order No. 1 is entered before the Court determines whether finally to approve the Settlement Agreement in order to specify the purposes, terms, funding, and operation of the Settlement Fund, as delineated in the Settlement Agreement, to appoint the Trustee of the Settlement Fund (the "Trustee"), and to establish and define the Trustee duties, authority, responsibilities and obligations.  Any and all terms defined in the Settlement Agreement and utilized within this Administrative Order No. 1 shall be given the meanings provided for within Section III of the Settlement Agreement.

**I.     ESTABLISHMENT OF THE SETTLEMENT FUND**

   **A.     Name, Status, and Trustees of the Settlement Fund**

      1.     **Name and Status as a Trust**.  The common fund agreed to by the parties in the Settlement Agreement is hereby established and shall be known as the Smith Barney Financial Advisor Gender Discrimination Settlement Fund (the "Settlement Fund").  The Settlement Fund shall be an irrevocable trust under the laws of Florida.

      2.     **Settlement Fund Portions**.  The Settlement Fund will consist of the following three portions:

         a.     **Claims Portion**.  The Claims Portion shall be used to make distributions to or on behalf of eligible Claimants, including the Named Plaintiffs, and for the employee portion of any taxes due or required to be withheld on such distributions.  The Claims Portion shall be administered for the benefit of the eligible Claimants as a group and not for the benefit of individual eligible Claimants, except insofar as they received awards from the Settlement Fund.

b. **Attorneys' Fees & Monitoring Portion**. The Attorneys' Fees & Monitoring Portion shall be used to make distributions to Class Counsel as may be approved by the Court.

c. **Administrative Portion**. The Administrative Portion shall be used to make distributions to: (i) the Claims Administrator for time and out-of-pocket expenses associated with the determination of Claimant awards, (ii) the Claims Administrator for time and out-of-pocket expenses associated with distributing Claimant awards and reporting and paying taxes due on such awards, and (iii) any third-party who provides a service necessary to the Settlement Fund's compliance with any and all legal requirements including, but not limited to, tax, accounting or legal services.

3. **Qualified Settlement Fund**. The Settlement Fund, including all portions and income thereon, shall be a single qualified settlement fund within the meaning of Treas. Reg. Sections 1.468B-1, et seq. The division of the qualified settlement fund into separate portions is for accounting and bookkeeping purposes only. Smith Barney shall hereby be deemed to have made an election under Section 468B of the Revenue Code to have the Fund treated as a "qualified settlement fund." Smith Barney shall timely furnish a statement to the Trustee that complies with Treasury Regulation § 1.468B-3(e) and shall attach a copy of the statement to its federal income tax return that is filed for the taxable year in which Smith Barney makes the required payment(s) to the Settlement Fund. The parties shall cooperate to ensure such treatment and shall not take a position in any filing or before any tax authorities inconsistent with such treatment.

4. **Appointment of Trustee**. The oversight of the Settlement Fund shall be the responsibility of Settlement Services, Inc., the Claims Administrator of the Settlement, who shall also serve as its Trustee. The status and powers of the Trustee shall be as defined by this Administrative Order No. 1.

5. **Other Settlement Fund Characteristics**. The entire amount caused to be paid by Smith Barney into the Settlement Fund pursuant to the Settlement Agreement, and all income generated by that amount, shall be in *custodia legis* and immune from attachment,

1 execution, assignment, hypothecation, transfer or similar process by any third party or Claimant.
2 Once the Settlement Fund vests, it is irrevocable during its term and Smith Barney has divested
3 itself of all right, title or interest, whether legal or equitable, in the Settlement Fund, if any;
4 provided, however, in the event that Smith Barney exercises its option under the Settlement
5 Agreement to withdraw from the Settlement, or the Settlement Agreement is not approved by the
6 Court or for any other reason the Settlement set forth in the Settlement Agreement is terminated
7 or fails to become effective in accordance with its terms (or, if following approval by this Court,
8 such approval is reversed or modified), the parties shall be restored to their respective positions in
9 this Action prior to entering into the Settlement Agreement; the terms and provisions of the
10 Settlement Agreement and this Administrative Order No. 1 shall have no force or effect and shall
11 not be used in this Action or in any proceeding for any purpose; the Settlement Fund, and the
12 interest earned by the Settlement Fund through the date of termination, shall be immediately
13 returned to Smith Barney (after deducting all costs and expenses, including costs of providing
14 Notice to Class Members, paid or incurred by the Claims Administrator as of the date of
15 termination); and any judgment entered by the Court in accordance with the terms of the
16 Settlement Agreement shall be treated as vacated, *nunc pro tunc*. The Trustee shall authorize
17 disbursements out of the Settlement Fund only in accordance with this Administrative Order
18 No. 1 or any additional Administrative Orders issued by the Court.

19       6. **Expiration of Settlement Fund**. The Settlement Fund shall not terminate
20 until its liability for any and all government fees, fines, taxes, charges and excises of any kind,
21 including income taxes, and any interest, penalties or additions to such amounts, are, in the
22 Trustee's sole discretion, finally determined and all such amounts have been paid by the
23 Settlement Fund.

24       7. **Alteration or Amendment of the Settlement Fund**. The Trustee may
25 apply to the Court to alter or amend this Administrative Order No. 1 at any time, or from time to
26 time; provided, however, that no such amendment or modification shall in any way affect: (a) the
27 purposes of the Settlement Fund; (b) the Court's jurisdiction over the parties; (c) the powers,
28 duties and liabilities of the Trustee under this Administrative Order No. 1; (d) the total amount of

1  money Smith Barney is required to cause to be paid into the Settlement Fund; (e) the qualification
2  of the Settlement Fund as a "qualified settlement fund" under Section 468B of the Internal
3  Revenue Code and regulations thereunder; or (f) the terms of the Settlement Agreement or any of
4  its exhibits.

5        **B.**    **Purpose and Funding of Settlement Fund**

6             1.    **Purpose of the Settlement Fund**.  The Settlement Fund is established
7  exclusively for the purposes of: making distributions to or on behalf of eligible Claimants,
8  including the Named Plaintiffs, including the employee portion of any employment, withholding,
9  income and other taxes due on such distributions pursuant to the claims process described in the
10 Settlement Agreement; making distributions to Class Counsel pursuant to any orders of the Court;
11 and, making distributions to the Claims Administrator to administer the claims process, and to the
12 Trustee to reimburse professional costs relating to the Settlement Fund's compliance with all legal
13 requirements including, but not limited to, tax reporting and filing requirements; all in accordance
14 with the terms of the Settlement Agreement and this Administrative Order No. 1. No distribution
15 shall be made from the Settlement Fund until after the Effective Date of the Settlement
16 Agreement.

17            2.    **Funding of the Settlement Fund**.  No later than 10 days after Preliminary
18 Approval of the Settlement Agreement, Smith Barney shall cause to be paid by wire transfer to
19 Wells Fargo ("Wells Fargo" or the "Depository Bank") pursuant to transfer instructions to be
20 provided by Class Counsel within seven days after Preliminary Approval the Settlement Sum.
21 The Settlement Fund also shall consist of any and all income that accrues on the above-referenced
22 deposit.  The Trustee shall furnish a copy of this Order to the Depository Bank.

23 **II.**    **ADMINISTRATION OF THE SETTLEMENT FUND**

24       **A.**    **Payment to Claims Administrator and Special Master**

25            The Trustee shall pay the Claims Administrator, the Special Master and any other
26 third-parties who provide necessary services to the Settlement Fund from the Administrative
27 Portion. The Trustee shall make such payment(s) within a reasonable period of time after receipt
28 of any such invoice, but only after obtaining the consent of Lead Class Counsel.

**B.      Cooperation**

Class Counsel, Smith Barney, the Trustee, and the Claims Administrator shall provide to and exchange with each other such information as shall be reasonably necessary to file notices, reports and returns and to make timely determinations and distributions of Claimant awards, including tax obligations with respect to such awards.  A Form 1099 shall be issued to Class Counsel in connection with any disbursements for attorneys' fees.

**III.     THE TRUSTEE**

**A.      Powers & Duties of the Trustee**

1.      **Processing Claims**.  The entirety of the Trustee's powers over the Settlement Fund is as expressly stated in this Administrative Order No. 1 or future orders of the Court.

2.      **Investment of Settlement Fund**.  Pending payment of awards to the eligible Claimants, Class Counsel, and others, the Trustee shall invest the Settlement Fund only in United States Treasury securities and/or securities of United States agencies backed by the full faith and credit of the United States Treasury (collectively "U.S. or U.S.-backed securities"), or in repurchase agreements collateralized by U.S. or U.S.-backed securities. The Trustee shall invest any cash in the Settlement Fund in the foregoing investments as soon as practicable and may retain cash only in an amount reasonable to make distributions and contingent liabilities ripe for payment, and such minimal sums which cannot be reasonably invested to obtain higher yields. The Trustee is authorized to invest all such minimal sums of cash in money market interest-bearing accounts whether or not collateralized with U.S. or U.S.-backed securities.

3.      **Tax Reporting Obligations**.  The Trustee shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Trustee shall ensure that the Settlement Fund files all applicable returns and reports with the appropriate taxing authorities with respect to the payment and withholding of employment and income taxes.

4.      **Reporting and Record Keeping**. The Trustee shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the

Settlement Fund and shall file a final accounting with the Court ninety (90) days before the termination of the Settlement Fund.

5. **Inspection**. The Trustee shall make available for reasonable inspection by such persons or entities as the Court orders all accounts, books and records relating to the Settlement Fund.

6. **Disclosure Limitations**. The Trustee may establish protective conditions concerning the disclosure of information maintained by the Settlement Fund and Claims Administrator if publication of such information would violate any law, including rights to privacy. Any person entitled to such information that is denied access to the Settlement Fund's records may submit a request to the Court for such information. However, the Trustee shall supply such information to any Claimant as may be reasonably necessary to allow her to accurately determine her federal, state and local tax liabilities. Such information shall be supplied in the form and manner prescribed by relevant law.

### B. Replacement of Trustee and Claims Administrator

The Trustee may resign by providing sixty (60) days written notice to the Court, subject to Court approval. The Trustee may be removed by the Court at any time. In the event of removal or resignation of a Trustee, the Court shall appoint one or more successor Trustees. The successor Trustee(s) shall have, without further act on the part of anyone, all the duties, powers, functions, immunities, and discretion granted to the original Trustee. Any Trustee who is replaced (by reason other than death) shall execute all instruments, and do all acts, that may be necessary or that may be ordered or requested in writing by the Court or by any successor Trustee, to transfer administrative powers over the Settlement Fund to the successor Trustee. All notices hereunder, including notices of resignation or removal of any Trustee, must be in writing and directed to the Court, Class Counsel, and Smith Barney.

## IV. INDEMNIFICATION

### A. Liability and Indemnification of Trustee by the Settlement Fund

Subject to compliance with the Settlement Agreement terms and orders of the Court, the Trustee shall be free from any and all liability to the Settlement Fund in connection

1  with the administration of the Settlement Fund and the settlement of Claimants' claims from the
2  Settlement Fund, except for any loss arising out of his gross negligence and/or willful
3  misconduct. The Settlement Fund shall indemnify and hold harmless the Trustee as to any third-
4  party claims against him or her arising from his or her status as Trustee for all expenses, including
5  attorneys' fees, judgments, fines, and amounts paid in settlement of any action, which amounts
6  are ordinarily and reasonably paid by him or her in connection with such action, suit, or
7  proceeding, but only if the Trustee acted in good faith and in a manner he or she reasonably
8  believed to be in the best interest of the Settlement Fund and the Claimants.

**B.      Indemnification by Claimants**

Each Claimant who receives a payment from the Settlement Fund shall be fully and ultimately responsible for payment of any and all federal, state or local taxes (excluding the employer share of employment taxes and unemployment taxes and taxes actually withheld) resulting from or attributable to the payment received by such person. Each Claimant shall indemnify and hold harmless the Released Parties, including Smith Barney Class Counsel, and the Depository Bank from any tax liability, including penalties and interest and costs of any proceedings, regardless of whether such tax liability is attributable to her acts or omissions. Each Claimant shall indemnify and hold harmless the Claims Administrator and Trustee of the Settlement Fund from any tax liability, including penalties and interests and costs of any proceedings, attributable to her own acts or omissions. In the event that a tax liability that arises is not attributable to the Claimant's acts or omissions, the Claimant shall indemnify and hold harmless the Claims Administrator and Trustee of the Settlement Fund from any tax liability, but not penalties and interest, or the costs of any proceedings related to such tax liability. The indemnities provided for in this paragraph shall apply only to the monetary distributions actually received by each Claimant.

**V.      RELATIONSHIP TO SETTLEMENT AGREEMENT**

If there is any conflict between the terms of this Administrative Order No. 1 and the Settlement Agreement, the Settlement Agreement shall take precedence.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated:  April 2, 2008 | Respectfully submitted, |
| 3 | | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |

By: _____*/s/ Kelly M. Dermody*_____
           Kelly M. Dermody

Kelly M. Dermody (State Bar No. 171716)
Heather H. Wong (State Bar No. 238546)
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Elizabeth A. Alexander *(Pro Hac Vice)*
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
150 Fourth Avenue, N., Ste. 1650
Nashville, TN  37219-2423
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

Adam T. Klein (*Pro Hac Vice*)
Justin M. Swartz (*Pro Hac Vice*)
Piper Hoffman (*Pro Hac Vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

Cyrus Mehri (*Pro Hac Vice*)
Lisa M. Bornstein (*Pro Hac Vice*)
Sandi Farrell (*Pro Hac Vice*)
Anna M. Pohl  (*Pro Hac Vice*)
MEHRI & SKALET, PLLC
1250 Connecticut Ave, NW, Suite 300
Washington, DC 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

|   |   |
|---|---|
| 1 | James M. Finberg (State Bar No. 114850) |
|   | ALTSHULER BERZON |
| 2 | 177 Post Street, Ste. 300 |
|   | San Francisco, CA  94108 |
| 3 | Telephone:  (415) 421-7151 |
|   | Facsimile:  (415) 362-8064 |

*Attorneys for Plaintiffs and the Proposed Class*

DATED: April 2, 2008                    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:      /s/ *Daniel J. Toal*
                Daniel J. Toal

Jay Cohen (*pro hac vice*)
Brad S. Karp (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
Liza M. Velazquez (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990

Malcolm A. Heinicke (State Bar No. 194174)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, CA  94105
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

*Attorneys for Defendant Citigroup Global Markets Inc. d/b/a Smith Barney*

**IT IS SO ORDERED.**

Dated:  4/30/08

_____
The [Honorable Phyllis J. Hamilton]
United [States District Judge]

*IT IS SO ORDERED*
Judge Phyllis J. Hamilton
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

756652.1                                - 9 -                    [PROPOSED] ADMINISTRATIVE ORDER NO. 1
                                                                              CASE NO. C-05-1298 PJH